UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVARE GRANT, | 1:14-cv-00727-GSA-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S REQUEST TO ADD INFORMATION TO SECOND AMENDED COMPLAINT (Doc. 16.) |
| vs. | |
| CDCR, et al., | ORDER GRANTING PLAINTIFF LEAVE TO FILE A THIRD AMENDED COMPLAINT, AS INSTRUCTED BY THIS ORDER |
| Defendants. | |
| | ORDER FOR CLERK TO SEND COMPLAINT FORM TO PLAINTIFF |
| | THIRTY DAY DEADLINE TO FILE THIRD AMENDED COMPLAINT |

I.      BACKGROUND

        Travare Grant ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis with this civil rights action pursuant to 42 U.S.C. § 1983.  On April 28, 2014, Plaintiff filed the Complaint commencing this action at the United States District Court for the Southern District of California.  (Doc. 1.)  On April 28, 2014, the case was transferred to the Eastern District of California.  (Doc. 3-1.)

        On May 23, 2014, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance.  (Doc. 7.)

1

Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

On June 23, 2014, Plaintiff filed the First Amended Complaint.  (Doc. 11.)  The court screened the First Amended Complaint under 28 U.S.C. § 1915 and issued an order on September 25, 2014, dismissing the First Amended Complaint for failure to state a claim, with leave to amend.  (Doc. 14.)  On October 3, 2014, Plaintiff filed the Second Amended Complaint.  (Doc. 15.)

On October 6, 2014, Plaintiff filed a request to add information to the Second Amended Complaint.  (Doc. 16.)

## II.   LOCAL RULE 220 AND FEDERAL RULE OF CIVIL PROCEDURE 15(a) - AMENDING THE COMPLAINT

Local Rule 220 provides, in part:

> Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with. All changed pleadings shall contain copies of all exhibits referred to in the changed pleading.

Plaintiff seeks to add information to the Second Amended Complaint.  However, under Rule 220, Plaintiff may not amend the Second Amended Complaint by adding information piecemeal after the Second Amended Complaint has been filed.  To add information or correct an error in the Second Amended Complaint, Plaintiff must file a Third Amended Complaint which is complete within itself.

Under Rule 15(a) of the Federal Rule of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Here, because Plaintiff has previously amended the complaint in this action, Plaintiff requires leave of court to file a Third Amended Complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 445 F.3d 1132, 1136 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.  The factor of "'[u]ndue delay by itself . . . is insufficient to justify denying a motion to amend.'"  Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712, 13 (9th Cir. 2001) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)).

**Discussion**

Plaintiff seeks to amend the complaint to add allegations and submit an exhibit, in support of his due process claim.  The court finds no evidence of prejudice, bad faith, undue delay in the litigation, or futility in allowing Plaintiff to amend the complaint for this purpose.  Therefore, Plaintiff shall be granted leave to file a Third Amended Complaint.

**III.    CONCLUSION AND ORDER**

Plaintiff is granted leave to file a Third Amended Complaint within thirty days.

Although Plaintiff has been given the opportunity to amend, it is not for the purpose of adding new claims or defendants.  Plaintiff is granted leave to amend the complaint for the sole purpose of adding allegations and submitting an exhibit in support of his due process claim.

Plaintiff is reminded that an amended complaint supercedes the [prior] complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be complete in itself without reference to the prior or superceded pleading, Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Third Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's request to add information to the Second Amended Complaint, filed on October 6, 2014, is DENIED;

2.   Plaintiff is GRANTED leave to file a Third Amended Complaint **within thirty (30) days** of the date of service of this order, as instructed by this order;

3.   The Clerk's Office shall send Plaintiff a civil rights complaint form;

4.   Plaintiff shall caption the amended complaint "Third Amended Complaint" and refer to the case number 1:14-cv-00727-GSA-PC;

5.   Plaintiff may not add any new claims or defendants to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

6.   Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed.

IT IS SO ORDERED.

Dated:   **October 29, 2014**                    **/s/ Gary S. Austin**
                                           UNITED STATES MAGISTRATE JUDGE

4