UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAVARE GRANT,<br><br>      Plaintiff,<br><br>  v.<br><br>CATE, et al.,<br><br>      Defendants. | 1:14-cv-00727-EPG (PC)<br><br>ORDER DISMISSING CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(ECF No. 18.)<br><br>ORDER FOR THIS DISMISSAL TO COUNT AS A STRIKE PURSUANT TO 28 U.S.C. §1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

    Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Before the Court for screening is Plaintiff's Third Amended Complaint.  The Court[1] previously dismissed Plaintiff's First Amended Complaint as too vague to state a claim and subject to dismissal for naming supervisory and immune defendants.  Plaintiff filed the Second Amended Complaint and then was granted leave by the Court to amend it.   Plaintiff's Third Amended Complaint claims Plaintiff's "close custody" status was improper and one defendant wrongly participated in the appeals process at the

---

[1] The prior order was issued by Magistrate Judge Gary Austin.

1

prison. For the reasons discussed below, this Court holds that Plaintiff's Third Amended Complaint also fails to state a claim and dismisses Plaintiff's case with prejudice.

**I.      Screening Requirement**

Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[2]

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

///

---

[2] Plaintiff filed a consent to proceed before a magistrate judge under 28 U.S.C. § 636(c) on May 23, 2014, and no other parties have made an appearance. (ECF No. 7.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

## II. Plaintiff's Third Amended Complaint

Plaintiff's Third Amended Complaint sets forth two claims. The first asserts violation of due process, cruel and unusal treatment, and equal protection. The basis of that claim is as follows:

> I was improperly classified as a close custody inmate although I did not meet the criteria. Director of Corrections staff Matthew Cate is responsible for deciding rather my custody should have been changed from minimum to close custody and he also carries the responsibility to document the reason for my custody change, however he did not do what he was suppose to do in accordance with regulations (title 15 rule manual due process). This act of negligence led to my custody being improperly changed, had Matthew Cate responded, he would have prevented these conditions due to the factors of my status in April 2010. Matthew Cate's approval was not only needed; it included this to be in writing in my central file records; however it was not.

(ECF No. 18, p. 4.)

Plaintiff's second claim alleges violation of due process, Eighth Amendment, and Fourteenth Amendment right to equal protection. The basis of Plaintiff's second claim is as follows:

> My right to appeal due process was violated by correctional counselor R. Floweree on appeal's coordinator for California Department of Correction's when he took it upon his self to decide my appeal, even though he knows this act is in appropriate at the second level and invades upon my right to complete the process properly, this render's my appeal process useless while under R. Flowerree's scrutiny. R. Floweree's duty is to screen my appeals and assign them to the appropriate staff for review and interview for decision. I was unable to get anything doen while under the complex conditions in Claim 1. R. Floweree knows I have to exhaust myu remedies in order to get to the civil courthouse; however he has to violated [sic] my right to this process.

(ECF No. 18, p. 4-5.)

## III. Prior Screening Order

The Court previously issued a screening order dismissing Plaintiff's First Amended Complaint with leave to amend. (ECF No. 14.) Notably, Plaintiff's First Amended Complaint asserts very different facts than Plaintiff's Third Amended Complaint. Like the present complaint, Plaintiff's First Amended Complaint names Defendant Matthew Cate, among others. Unlike the present complaint, it claimed that "employees designated to be non-peace officers by California Department of Corrections/Matthew Cate have defamed my character as a inmate through false accusations, inappropriate use of force and provisional corruption."

(ECF No. 11, p. 5.) Plaintiff went on to describe in general terms how officers had used excessive force, defamed Plaintiff, and inhibited the prison appeals process.

The Court screened the First Amended Complaint and dismissed it with leave to amend in a seven-page order. (ECF No. 14.) In that order, the Court explained pleading standards and the elements for excessive force among other claims. It gave Plaintiff leave to amend with further explanation in how to plead a viable claim.

### IV. Claim Based on Improper Classification

Plaintiff's first claim alleges that he "was improperly classified as a close custody inmate." (ECF No. 18, at p. 3.)

Under the Due Process Clause, an inmate does not have liberty interests related to prison officials' actions that fall within "the normal limits or range of custody which the conviction has authorized the State to impose." Sandin v. Conner, 515 U.S. 472, 486, 115 S. Ct. 2293, 2301, 132 L. Ed. 2d 418 (1995) ("We hold that Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest. The record shows that, at the time of Conner's punishment, disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody."); Anderson v. County of Kern, 45 F.3d 1310, 1315 (9th Cir. 1995), amended by, 75 F.3d 448 (9th Cir. 1995) (stating that the placement of an inmate in less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence). Further, "the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." Hewitt v. Helms, 459 U.S. 460, 468 (1983), overruled on other grounds by Sandin, 515 U.S. at 472–73. Typically, administrative segregation in and of itself does not implicate a protected liberty interest. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003). It is also worth noting that federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile environment. Sandin, 515 U.S. at 482.

\\\

Plaintiff's allegation that he was improperly classified as close custody does not state a constitutional violation. Plaintiff's allegations do not indicate that he has been subjected to terms of confinement outside the bounds of those contemplated by a prison sentence, or outside the normal limits or range of custody which the conviction has authorized the State to impose. The Court thus dismisses this claim for failure to state a claim for violation of Plaintiff's constitutional rights.

### V. Claim Based on Appeals Process

Plaintiff's second claim relates to Defendant R. Flowerree's participation in the prison grievance process.

Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise to any claims for relief under section 1983 for violation of due process. There are no constitutional requirements regarding how a grievance system is operated. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system); Peralta v. Dillard, 744 F.3d 1076, 1087 (9th Cir. 2014) cert. denied, 135 S. Ct. 946 (2015) ("Dillard's failure to follow such procedures isn't, of itself, enough to establish a violation of Peralta's constitutional rights.").

Plaintiff has access to the Court as evidenced by this complaint and its predecessors. If the prison grievance process was unfair, that could be relevant to whether he can raise a substantive claim notwithstanding deficiencies in his exhaustion of the grievance process. But problems with the grievance process, such as the participation of a prison official that Plaintiff believes should not participate, does not in and of itself state a violation of constitutional rights.

### VI. Conclusion and Order

The Court finds that Plaintiff's Third Amended Complaint fails to state any cognizable claims upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed four complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment,

and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).  Accordingly, this action shall be dismissed in its entirety, with prejudice, for failure to state a claim.

Based on the foregoing, it is HEREBY ORDERED that:

1. This action is DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted under § 1983;
2. This dismissal counts as a STRIKE pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   **January 21, 2016**           /s/ Erica P. Grosjean
                              UNITED STATES MAGISTRATE JUDGE